**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEANNA L. KELLEY, | No. 14-16020 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-02369-MHB |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Michelle H. Burns, Magistrate Judge, Presiding

Argued and Submitted May 9, 2016
San Francisco, California

Before: FARRIS, O'SCANNLAIN, and CHRISTEN, Circuit Judges.

Deanna Kelley appeals from the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits and supplemental security income. The administrative law

judge ("ALJ") found that Kelley was not disabled because she had the residual

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

functional capacity ("RFC") to perform light work and was capable of performing past relevant work as a grocery store cashier. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The ALJ identified "specific, clear and convincing reasons" to justify her decision to grant little probative weight to Kelley's testimony. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (internal quotation marks omitted). The ALJ reasonably concluded that the record was not consistent with Kelley's descriptions of her daily activities. Kelley testified that she needed to lie down all day and that her children would handle all household responsibilities. Yet the ALJ identified portions of the record that showed Kelley was able to perform at least light household chores, such as doing laundry and preparing meals, and that she was able to drive, shop, and speak with others on the phone.

2. The ALJ assigned little weight to Dr. Casey's opinions regarding Kelley's limitations because they were based on Kelley's subjective self-reports. In light of Kelley's adverse credibility determination, this is a "specific and legitimate" reason supported by substantial evidence in the record. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

3. The ALJ's RFC determination did not turn on treatment notes that pre-date the onset date of Kelley's alleged disability. Thus, even if the ALJ erred by citing the evidence, that error was harmless. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless.").

4. The ALJ did not express Kelley's RFC on a function-by-function basis, but the ALJ is not required to do so where she relies on medical opinions that define the relevant functional limitations. *Cf. Reed v. Massanari*, 270 F.3d 838, 843 n.2 (9th Cir. 2001) (warning against the "practice of determining a claimant's ability to perform past work on the *sole basis* of a categorical RFC assessment" (emphasis added)); *see also Lind v. Astrue*, 370 F. App'x 814, 817 (9th Cir. 2010) ("The ALJ is not required to repeat the function-by-function analysis [provided in the record]."). Here, the ALJ adopted medical opinions that offered function-by-function analyses. Those analyses are substantial evidence supporting the ALJ's RFC finding.

5. Substantial evidence supports the ALJ's finding that Kelley had past relevant work as a grocery store cashier. Kelley worked as a construction store cashier for 13 years, which the vocational expert testified would allow her to learn the job of grocery store cashier in the month she worked. Moreover, Kelley's

earnings records show she earned enough in the month she worked as a grocery store cashier for the position to qualify as substantial gainful activity.

**AFFIRMED.**